## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
        )
   v.         )      ID No.    2105015301
        )
TYLER M. BANKOWSKI,        )
        )
   Defendant.        )

## **ORDER**

On this 6th day of May, 2024, upon consideration of Defendant Tyler M. Bankowski's ("Defendant") *pro se* Motion for Sentence Modification made pursuant to Superior Court Rule of Criminal Procedure 35(b) (the "Motion"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On January 8, 2024, Defendant pled guilty to Assault in the Second Degree.[2]  On the same day, the Court sentenced him to eight years of Level V supervision, suspended after two years for six months of Level IV supervision (DOC Discretion), followed by eighteen months of Level III supervision.[3]

2. On February 6, 2024, Defendant filed the instant Motion, in which asks the Court to modify the Level IV portion of his sentence from DOC Discretion to Home Confinement.  He requests to spend the Level IV portion of his sentence at his

---

[1] D.I. 32.  Defendant titles the Motion as "Sentence Review Per Appeal."  He does not specifically cite to Rule 35(b) in the Motion, but he asks this Court to modify the conditions of his probation.
[2] D.I. 30.
[3] D.I. 31.

mother's house.  Defendant asserts that he has a medical condition that causes recurrent seizures, which inhibits his ability to work, and thus work release will not be a viable sentence option.[4]

3.  Rule 35(b) authorizes this Court to "reduce the fine or term or conditions of partial confinement or probation, at any time."  A motion to modify the terms of partial confinement or probation is not subject to the ninety-day limitation that applies to a motion for sentence reduction.[5]  The Court does not consider repetitive motions for sentence modification or reduction.[6]  Defendant's Motion is his first motion for sentence modification in this case, so it is non-repetitive.

4.  In Delaware, courts are "generally very reluctant to interfere with the administration of prisons."  The administration of the State prison system falls "within the auspices of the Executive branch of our State government."[7]  Also, "[i]nmates do not have a right to a particular prison classification."[8]  In this case, when the Court sentenced Defendant, it gave the DOC discretion to determine the

---

[4] D.I. 32.  On April 15, 2024, Defendant's mother wrote a letter to this Court.  She states that Defendant has epilepsy and that she supports his request to live with her during the Level IV portion of his sentence.  D.I. 34.

[5] *State v. Harmon*, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).

[6] *Gladden v. State*, 2020 WL 773290, at *2 (Del. Feb. 17, 2020) (affirming denial of second motion for sentence modification as repetitive and lacking additional information).

[7] *State v. Goodman*, 2010 WL 547394, at *2 (Del. Super. Feb. 9, 2010) (quoting *Riley v. Taylor*, 1999 WL 41279, at *3 (Del. Super. Jan. 6, 1999)).  Placement within the prison system is traditionally "the business of prison administrators, rather than of the courts."  *Samans v. Dep't Corr.*, 2015 WL 1421411, at *2 (Del. Mar. 27, 2015) (quoting *Bagwell v. Prince*, 1996 WL 470723, at *2 (Del. Aug. 9, 1996)).

[8] *Samans*, 2015 WL 1421411, at *2.

Level IV placement that best addresses Defendant's treatment and rehabilitation needs.[9]  The Court will not retract that grant of discretion.  In assessing the best correctional placement for Defendant, the DOC can utilize its discretion to place Defendant on home confinement.

5.  After reviewing the Motion, sentence, and record in this case, the Court finds no just cause for sentence modification.  Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.  Accordingly, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

---

[9] *See State v. Dalrymple*, 2024 WL 1110502, at *2 (Del. Super. Mar. 14, 2024).

3